UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANDRES MARTINEZ-CAZARES,

                Plaintiff,

      -against-

GOLD EDGE CONTRACTORS INC. *et al.*,

                Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
21 CV 6463 (LDH) (CLP)

**POLLAK**, United States Magistrate Judge:

On November 19, 2021, plaintiff Andres Martinez-Cazares commenced this action against defendants Gold Edge Contractors Inc. ("Gold Edge"), Rainbow Properties of New York, Inc. ("Rainbow"), Keystone Interiors, Inc. ("Keystone"), Velocity Framers USA, Inc. ("Velocity"), and Solomon Feder ("Feder"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law, Art. 6 §§ 190 et seq., and Art. 19 §§ 650 et seq. (Compl.[1]).

Two of the defendants—Velocity and Feder—waived service on December 22, 2021. (See ECF Nos. 5, 9). The remaining three defendants—Gold Edge, Rainbow, and Keystone—were served on December 17, 2021, but failed to answer. (See ECF Nos. 6-8). On February 20, 2022, plaintiff requested certificates of default against the defendants who had not responded to the Complaint, and the Clerk entered defaults against them on February 28, 2022. (See ECF Nos. 11-16).

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed Nov. 19, 2021, ECF No. 1.

On February 20, 2022, defendants Velocity and Feder moved to stay the action, stating that the defendants had been indicted for conspiracy, insurance fraud, and falsifying business records. (See ECF No. 10). The defendants argued that this civil action should be stayed in light of the criminal action, citing the overlap in the issues presented by both cases as both cases dealt with improper payment practices, the precedence given to criminal proceedings over civil cases, defendants' inability to participate meaningfully in the defense of this case, and the absence of prejudice to plaintiff because evidence would be preserved during the stay. (Id.) On March 4, 2022, the Court granted plaintiff's request for an extension to respond to defendants' motion to stay. (See ECF No. 17).

On March 14, 2022, plaintiff filed a Notice of Acceptance of an Offer of Judgment made by defendants Velocity and Feder pursuant to Federal Rule of Civil Procedure 68. (See Not.;[2] Off.[3]). Thereafter, on March 31, 2022, plaintiff filed a stipulation of dismissal without prejudice as to the three defendants who were in default and not included in the Offer of Judgment: Gold Edge, Rainbow, and Keystone. (See ECF No. 19). On April 12, 2022, the Honorable LaShann DeArcy Hall referred the stipulation of dismissal to the undersigned so that the parties "may inform the Court as to whether the stipulation was filed pursuant to a settlement agreement" in contravention of Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), which requires judicial review of settlement agreements in FLSA cases. (See Order, dated Apr. 12, 2022). The Court set a hearing for April 27, 2022, noting the Second Circuit's recent decision in Samake v. Thunder Lube, Inc., 24 F.4th 804 (2d Cir. 2022), in which the Second Circuit affirmed the district court's decision to conduct a limited Cheeks review where there was no

---

[2] Citations to "Not." refer to the Notice of Acceptance, filed Mar. 14, 2022, ECF No. 18.
[3] Citations to "Off." refer to the Offer of Judgment, attached as an Exhibit to the Notice of Acceptance, filed Mar. 14, 2022, ECF No. 18-1.

2

settlement, but the FLSA plaintiff voluntarily dismissed the case without prejudice. (See Order, dated Apr. 14, 2022).

For the reasons set forth in this Report and Recommendation, the Court respectfully recommends that the case be dismissed.

DISCUSSION

**A. Dismissal of Prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i)**

In Samake v. Thunder Lube, Inc., the Second Circuit addressed the question of whether the district court properly conducted a Cheeks review of a stipulation in which the FLSA plaintiff voluntarily dismissed the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). 24 F.4th at 809. Holding that the district court was correct in reviewing the stipulation, the Second Circuit noted that the same concerns of employer overreach and agreements with unreasonable terms that prompted the need for judicial review in Cheeks, which dealt with stipulated dismissals with prejudice apply equally to dismissals without prejudice. Id. at 810. The court in Samake expressed the concern that "parties could evade Cheeks review simply by negotiating a settlement and release, then filing a unilateral dismissal without prejudice rather than a stipulated dismissal." Id. However, the court noted that the review "may be quite limited—for instance, in [Samake], all that was needed was confirmation that no settlement existed." Id. at 811.

In the instant case, the Court held a hearing at which counsel for all of the represented parties appeared. Upon questioning by the Court, the parties confirmed that, while the defendants who had answered and appeared in the action had agreed to accept plaintiff's offer of judgment, plaintiff had not entered into a settlement agreement with the remaining defendants

which were in default. (Tr.[4] at 5-6).  Rather than continuing to pursue a futile default judgment against those defendants who had not appeared and were in default, plaintiff chose to dismiss the claims against them without prejudice.

Having considered the representations of counsel, the Court respectfully recommends that the district court approve the dismissal without prejudice as not an impermissible settlement under Cheeks/Samake.

### B. Application of Federal Rule of Civil Procedure 68

With respect to the defendants who had appeared in the action, plaintiff filed an Offer of Judgment, dated March 3, 2022.  (See Not.; Off.).  Offers of Judgment made pursuant to Federal Rule of Civil Procedure 68 are not subject to court approval even in the context of an FLSA action.  See Pest v. Express Contracting Corp. of Great Neck, 219 F. Supp. 3d 360, 361 (E.D.N.Y. 2016); see also Mason v. Lumber Liquidators, Inc., No. 17 CV 4780, 2021 WL 7906503, at *9 (E.D.N.Y. Jan. 6, 2021) (noting that court review is "neither required nor appropriate for an accepted offer of judgment that settled a FLSA action under rule 68").  Indeed, the Rule contains several requirements that provide procedural safeguards for plaintiffs in FLSA actions.  First, the Rule 68 offer must be served on the opposing party, who may, within 14 days of service, serve written notice accepting the offer.  Fed. R. Civ. P. 68(a).  Then, if the offer is accepted, "either party may then file the offer and notice of acceptance, plus proof of service." Id.  As noted by the Second Circuit, "Rule 68(a) judgments are not at all like those private settlements [that are subject to Cheeks review]; they are publicly-filed, stipulated judgments." Mei Xing Yu v. Hasaki Rest., Inc., 944 F.3d 395, 406 (2d Cir. 2019).

In this case, defendants sent plaintiff the Offer of Judgment on March 3, 2022 and

---

[4] Citations to "Tr." refer to the Transcript of Proceedings held on April 27, 2022, filed May 27, 2022, ECF No. 20.

plaintiff thereafter accepted defendants' Offer of Judgment within the 14 days prescribed by the Rule. Although the parties did not file proof of service on the docket, see Fed. R. Civ. P. 68(a), plaintiff's counsel confirmed during this Court's April 27, 2022 hearing that he had reviewed the Offer with his client before the client accepted it. (Tr. at 6).

While some courts have noted their concerns with Hasaki's holding that Cheeks review is not necessary when a Rule 68(a) offer of judgment has been accepted, see, e.g., De Jesus Torres v. HWF Realty Mgmt., Inc., No. 18 CV 994, 2020 WL 995861, at *2 (S.D.N.Y. Mar. 2, 2020) (noting that the Hasaki rule "paves the way" for parties to use "Rule 68(a) as an end run" around Cheeks, with "[t]he unfortunate result . . . that district courts, faced with settlements that they would have previously declined to approve pursuant to Cheeks, . . . will be forced to direct the Clerk of the Court to enter judgments submitted pursuant to Rule 68" (internal quotations and citations omitted)), here, the court finds no need to review the Rule 68 Offer for fairness, in light of the Second Circuit's clear holding.[5]

## CONCLUSION

After considering the various factors and holding a hearing in this matter, the Court respectfully recommends that the District Court approve the stipulation of dismissal because it was not the result of a settlement reached with the defaulting defendants. The Court further respectfully recommends that the case be dismissed, with prejudice as to defendants Velocity and Feder, and without prejudice as to the remaining defendants.

---

[5] The Offer of Judgment provides that plaintiff will receive a total of $15,000, inclusive of "any and all costs now accrued, including interest, expenses, and fees, including attorney's fees." (Off.) If plaintiff were to prevail on all of his claims, he alleges that he would be entitled to $33,000 in unpaid overtime, but there are a number of factors present here that pose a significant risk that plaintiff would be unable to recover after trial, including two other pending civil class actions and criminal charges facing defendants for an alleged failure to pay workers' compensation. (Tr. at 4, 8); see Calle v. Elite Specialty Coatings Plus, Inc., No. 13 CV 6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014). Thus, even if a fairness analysis was required, the Court would likely recommend approval under Cheeks.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: May 27, 2022
       Brooklyn, New York

                                       *Cheryl L. Pollak*
                                       CHERYL L. POLLAK
                                       United States Magistrate Judge
                                       Eastern District of New York